70 F.3d 1263
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Larry Angelo JOHNSON, Defendant-Appellant.
 No. 94-5686.
 United States Court of Appeals, Fourth Circuit.
 Argued: July 13, 1995.
Decided: Nov. 7, 1995.
 
 ARGUED: John Joseph Korzen, SMITH, HELMS, MULLISS & MOORE, L.L.P., Greensboro, North Carolina, for Appellant. Paul Alexander Weinman, Assistant United States Attorney, Greensboro, North Carolina, for Appellee. ON BRIEF: Walter C. Holton, Jr., United States Attorney, Greensboro, North Carolina, for Appellee.
 Before RUSSELL, WIDENER and HALL, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Defendant Larry Angelo Johnson appeals his sentencing for cocaine base and firearms convictions. He challenges the district court's factual finding that he was the organizer or leader of a criminal activity involving five or more participants. See U.S.S.G. Sec. 3B1.1(a). We affirm.
 
 I.
 
 2
 On February 28, 1994, a grand jury for the Middle District of North Carolina indicted Johnson for conspiring to distribute cocaine base in violation of 21 U.S.C. Secs. 841(b)(1)(A) and 846 (Count One), and carrying and using a firearm during a drug trafficking crime in violation of 18 U.S.C. Sec. 924(c) (Count Two). On March 28, 1994, the grand jury returned a superseding indictment charging Johnson with another violation of Sec. 924(c) (Count Three). On May 11, 1994, a jury convicted Johnson on all three counts. On August 23, 1994, the district court sentenced Johnson to 292 months imprisonment on Count One and 60 months imprisonment on Count Two to run consecutive to the term imposed in Count One.[1]
 
 
 3
 At trial, the government presented evidence of the scope of Johnson's drug-trafficking operation. On September 17 and 30, 1993, Johnson sold cocaine base to Jimmy D. Miller, an undercover agent posing as a member of the Hell's Angels, in Reidsville, North Carolina. Kenneth E. Warner, Johnson's cousin and a government informant, arranged the deals. Robert Earl Reid, Jr., a co-defendant married to Johnson's cousin, and Tracy Taylor, Johnson's former girlfriend, both testified that they assisted Johnson with the deals. Reid further testified that Charles Edward Williamson, Jr. (another cousin of Johnson's), Chris Thomas (Johnson's uncle), and Jonathan Blackwell sold drugs for Johnson. Williamson testified that he, Thomas, and Blackwell sold cocaine base for Johnson.
 
 II.
 
 4
 Johnson appeals only the district court's factual finding that he was an organizer or leader of a criminal activity that involved five or more participants. When distinguishing between the roles of participants in a criminal activity for sentencing purposes, a court should consider the following factors:
 
 
 5
 the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control exercised over others.
 
 
 6
 U.S.S.G. Sec. 3B1.1, comment. (n.4); see United States v. Chambers, 985 F.2d 1263, 1268 (4th Cir.), cert. denied, 114 S.Ct. 107 (1993). We review the district court's factual determination of a defendant's role in an offense under the clearly erroneous standard. See United States v. Harris, 39 F.3d 1262, 1270 (4th Cir.1994).
 
 
 7
 Although the district court did not list the participants who Johnson organized or led, we agree that the evidence presented by the trial witnesses supported the enhancement of Johnson's base offense level pursuant to U.S.S.G. Sec. 3B1.1(a). Johnson concedes that Reid and Taylor count as participants. The court could also include Johnson because the defendant counts as a participant. United States v. Fells, 920 F.2d 1179, 1182 (4th Cir.1990), cert. denied, 501 U.S. 1219 (1991). Williamson admitted that he sold cocaine base for Johnson. Finally, both Reid and Williamson named Thomas and Blackwell as mid-level dealers of cocaine base for Johnson.[2] The evidence linking Williamson, Thomas, and Blackwell to a larger distribution scheme organized by Johnson may not have been overwhelming, but the district court could credit the testimony of Reid and Williamson. Because the district court did not commit clear error in finding that Johnson was the organizer or leader of five or more participants in a criminal activity, we affirm his sentence.
 
 AFFIRMED
 
 
 [1]
 Count Three was dismissed because the same conspiracy was the underlying offense for both Sec. 924(c) charges
 
 
 [2]
 Warner could not be counted as a participant because he was a government informant. Fells, 920 F.2d at 1182